IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 1 9 2016

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

ANTHONY DARELL TURNER, §
§
            Petitioner, §
§
v. § No. 4:15-CV-378-A
§
LORIE DAVIS, Director,[1] §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
            Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Anthony Darell Turner, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

## I. Factual and Procedural History

In July 2009 petitioner was indicted in Tarrant County,

---

[1] Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

Texas, Case No. 1162246D, for assault of a member of his family or household. (Clerk's R., Case No. 1162246, at 2.) On August 17, 2009, pursuant to a plea agreement, petitioner pleaded guilty to the offense, a felony due to a prior conviction, and was placed on deferred adjudication community supervision for two years. (*Id.* at 20.) In January 2010, while on community supervision, petitioner assaulted his girlfriend, Ashford "Monique" Sneed, causing her to have a sudden fatal heart attack. (Mem. Op. at 2.) In February 2010 the state filed a petition to proceed to adjudication of petitioner's guilt based, in part, on petitioner's attack on Sneed. (*Id.* at 26.) In May 2010 petitioner was indicted in Case No. 1190902D for murder in Sneed's death. (Clerk's R., Case No. 1190902D, at 2.) On February 18, 2011, a jury found petitioner guilty of murder, and the trial court assessed his punishment at fifty years' confinement. (*Id.* at 93.) On the same date, the trial court adjudicated petitioner's guilt in Case No. 1162246D and assessed his punishment at ten years' confinement to run consecutively to his 50-year sentence. (Clerk's R., Case No. 1162246D, at 147.) On appeal, petitioner challenged the sufficiency of the evidence to support the murder conviction and the sentence imposed for the assault. The Second Court of Appeals of Texas affirmed the trial court's judgments,

2

and, on April 17, 2013, the Texas Court of Criminal Appeals refused his petitions for discretionary review. (Mem. Op. at 10; Docket Sheets at 1.) Petitioner does not assert that he sought writ of certiorari in either case. (Pet. at 3.) Petitioner filed two state habeas applications, one for each conviction. The first, filed on March 3, 2014,[2] challenging his assault conviction, was denied by the Texas Court of Criminal Appeals without written order on May 14, 2014. ("Action Taken" in WR-81,271-01.) The second, also filed on March 3, 2014, challenging his murder conviction was denied by the Texas Court of Criminal Appeals on October 1, 2014, without written order or a hearing on the findings of the trial court. ("Action Taken" in WR-81,271-02.) This federal petition was filed on April 24, 2015.[3]

## II.  Issues

Petitioner raises three grounds for habeas relief:

(1)  The evidence is legally and factually insufficient to support his conviction and sentence for murder;

---

[2]A petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state applications do not provide the date(s) petitioner placed the documents in the prison mailing system, however the "Inmate's Declaration" on page 12 of each application reflects the date the application was signed by petitioner. For purposes of this opinion, petitioner's state habeas applications are deemed filed on that date.

[3]Similarly, petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

(2)   The trial court erred when it allowed hearsay
      evidence to be presented to the jury; and

(3)   He received ineffective assistance of court-
      appointed counsel during all phases of the state
      court proceedings.

(Pet. at 6-7.

### III.   Statute of Limitations

Respondent contends the petition is untimely. (Resp't's Answer at 3-5.)   Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (D) the date on which the factual predicate
> of the claim or claims presented could have been
> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

As noted by respondent, petitioner lists his assault conviction on the form petition, however the claims raised do not appear to be relevant to that conviction. Therefore, the discussion below involves only his murder conviction.

Petitioner's claims raise matters occurring before or during the trial proceedings, therefore subsection (A) is applicable. Under that provision, the limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's judgment of conviction became final by the expiration of the time he had for filing a timely petition for writ of certiorari in the United States Supreme Court on July 16, 2013, triggering the limitations period, which expired one year later on July 16, 2014, absent any tolling.

Tolling of the limitations period may be appropriate under

5

the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statute, petitioner's state habeas application, pending from March 3, 2014, to October 1, 2014, tolled the limitations period for 213 days, making his federal petition due on or before Monday, February 16, 2015.[4] *Lookingbill v. Cockrell,* 293 F.3d 931, 934 (5th Cir. 2002); *Emerson v. Johnson,* 243 F.3d 934, 935 (5th Cir. 2001). Thus, this petition, filed on April 24, 2015, is untimely unless petitioner is entitled to equitable tolling.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). Although petitioner claims the evidence was insufficient to support his murder conviction, he does not specifically assert that he is actually innocent. In *McQuiggin,* the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence"

---

[4]The limitations period was extended until February 15, 2015, which fell on a Sunday. Thus, the petition was due on or before Monday, February 16, 2015.

under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). *McQuiggin*, 133 S. Ct. at 1932-33. "[T]enable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1928; *Schlup,* 513 U.S. at 316. A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup,* 513 U.S. at 326-27. *See also House v. Bell,* 547 U.S. 518, 539-54 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). Even if petitioner's sufficiency-of-the-evidence claim is construed as an "actual innocence" claim, he presents no *new* evidence of his innocence.

Nor does he make an argument for equitable tolling. Although petitioner filed a motion to extend time to file a federal petition in this court on December 5, 2014, the motion was denied

and the action dismissed six days later on December 11, 2014.
Mot., Turner v. Stevens, Civil Action No. 4:14-CV-976-O. Thus,
there were more than two months remaining in the limitations
period within which petitioner could have filed a timely
petition. *Compare Dimas v. Dretke,* 115 Fed. App'x. 679, 2004 WL
2370778, at *1 (5th Cir. Oct. 21, 2004) (holding equitable
tolling warranted where petitioner filed motion for extension
before limitations expired but it was not ruled on until after
limitations expired and magistrate judge stated that petitioner
had until a specific date to file a timely habeas petition).

Petitioner's federal petition was due on or February 16,
2015. His petition, filed on April 24, 2015, is, therefore,
untimely.

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,
dismissed as time-barred. It is further ORDERED that a
certificate of appealability be, and is hereby, denied.

SIGNED August ____19____, 2016.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

8